UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RUSSELL T. RUHLING, )
 )
    Plaintiff, )
 )
vs. ) Case No. 4:04CV1016SNL
 )
CORD MOVING AND STORAGE CO., )
 )
    Defendant. )

## ORDER

This matter is before the Court on the defendant's motion for sanctions (#32), filed July 1, 2005. As of today's date, plaintiff has failed to file a response. This cause of action is presently set for jury trial on the Court's trial docket of March 20, 2006.

Defendant contends that plaintiff is continuing his pattern of failing to cooperate in discovery matters. Defendant avers that plaintiff has failed, in direct violation of the Court's June 10, 2005 order, to execute authorizations allowing defendant to obtain plaintiff's medical and disability records. Defendant seeks dismissal with prejudice of the plaintiff's complaint.

Upon review of the court record, it is clear to the Court that plaintiff has been, since the inception of his lawsuit, extremely uncooperative in all discovery matters. From the onset, defendant has properly attempted to pursue discovery, including the scheduling of plaintiff's deposition, the tendering of interrogatories and requests for production, the tendering of authorizations for information relevant to the plaintiff's claims from third-parties, and even the scheduling of a mediation. All these discovery attempts have been actively thwarted by the plaintiff. On February 23, 2005, due to the plaintiff's uncooperativeness (allegedly due to the plaintiff's medical condition), the Court granted the parties' request to amend the Case

Management Order (CMO). *See*, Court Order #17. Certain discovery deadlines were modified and the case was reset for trial on December 12, 2005.

However, plaintiff's uncooperativeness in engaging in meaningful discovery continued resulting in plaintiff's counsel's request to withdraw (#18), filed April 22, 2005. The Court granted said request on May 20, 2005. *See*, Court Order #24. The Court presumed that plaintiff would either continue to litigate this case *pro se* or engage the services of another retained attorney. This case remained on the December 12, 2005 trial docket.

Once again, due to plaintiff's continuing dilatoriness in litigating this case, defendant requested an amendment of the CMO and an order directing plaintiff to execute authorizations allowing defendant to obtain plaintiff's medical and disability records. *See*, Documents #27 and #29, filed June 8, 2005. On June 10, 2005 the Court entered an order requiring the plaintiff to execute the subject authorizations. *See*, Docket Text Order entered on June 10, 2005. On June 14, 2005 this Court entered an order amending the CMO (again) and resetting this case (again) to the Court's March 20, 2006 trial docket. The Court also warned the plaintiff that the parties were required to comply with this amended CMO and failure to do so would result in the imposition of sanctions, including but not limited to, dismissal of this cause of action. *See*, Court Order #31.

On June 13, 2005 defendant's counsel sent plaintiff a letter, enclosing another set of the authorizations (which had previously been sent to plaintiff and his former counsel several months earlier), and requesting compliance with the Court's order. Defendant's Exhibit A. On June 23, 2005, having not received the executed authorizations or any response from the plaintiff, defendant's counsel set another letter to plaintiff requesting that he execute and return the subject authorizations. Defendant's Exhibit B.

As of today's date, plaintiff has not executed the subject authorizations nor responded to the instant motion explaining his non-compliance with the Court's orders.

The Court finds that the plaintiff's non-compliance with the Court's orders has seriously jeopardized the defendant's ability to properly and fairly defend this lawsuit.  Plaintiff's claim of employment discrimination in violation of the Americans with Disabilities Act (ADA) clearly places the plaintiff's alleged medical condition (and purported disability) at issue, making such information sought relevant, and absent a showing of bad faith, discoverable by the defendant.  Plaintiff has continuously failed to cooperate in all discovery matters, including the scheduling of his deposition and a mediation conference.  He has failed to provide any reasonable justification for his failure to participate in his own litigation.  Given the record in this case, the Court does not believe amending the CMO again or entering another order requiring the plaintiff to execute the subject authorizations or engage in any other discovery would be productive.

In light of the plaintiff's actions, the Court finds that plaintiff has filed this lawsuit in bad faith and has wilfully and intentionally failed to comply with the Court's orders.  Therefore, pursuant to Rule 37 Federal Rules of Civil Procedure, the Court will grant the defendant's motion for sanctions and dismiss this case.  *See*, Keefer v. Provident Life and Accident Ins. Co., 238 F.3d. 937, 940-41 (8th Cir. 2000); Lindstedt v. City of Granby, et. al., 238 F.3d. 933, 936-37 (8th Cir. 2000); Schoffstall v. Henderson, 223 F.3d. 818, 823-24 (8th Cir. 2000).  However, the dismissal will be without prejudice.  Plaintiff is forewarned that if he should choose to refile this case, either *pro se* or with retained counsel, and engages in the same uncooperative behavior, his subsequent lawsuit will be dismissed with prejudice and he will be subject to sanctions, including monetary sanctions.

As for the defendant's request for attorneys' fees and costs, the Court will allow such reasonable fees and costs upon the filing of proper documentation of same.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for sanctions (#32) be and is **GRANTED**. This cause of action is hereby **DISMISSED WITHOUT PREJUDICE** and removed from the Court's trial docket of March 20, 2006.

Dated this   13th   day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE